WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>(13) Lancer Edward Williams, Jr.,<br><br>　　　　　Defendant. | No. CR-22-00725-013-PHX-DLR<br><br>**ORDER** |

　　　　Before the Court is Defendant Lance Edward Williams, Jr.'s Motion for Release from Custody Pending Trial. (Doc. 314.) The motion is fully briefed and for the reasons set forth herein is denied.

　　　　Defendant is charged with Counts 1 (the drug conspiracy charge) and 53 (felon in possession charge) in a 65-count indictment that issued on June 28, 2022.  A detention hearing and arraignment were held on July 15, 2022, before Magistrate Judge Michelle H. Burns.  Judge Burns found because of the nature of the charges that there is a presumption that Defendant presents a flight risk and a danger to the community. She also determined that the presumption was not overcome and that there are no conditions or combination of conditions that would assure Defendant would make his appearance and assure the safety of the community.

　　　　Defendant's motion is brought pursuant to 18 U.S.C. § 3142(f)(2), which states in pertinent part: "The hearing may be reopened, before or after a determination by the

judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

At the time of the July 15, 2022, detention hearing before Judge Burns, Defendant was on probation in the Maricopa County Superior Court in case CR 2021-115284-001 SE. Defendant was placed on probation under the supervision of the Maricopa County Adult Probation Department ("APD") for a term of one year beginning on April 22, 2022. Defendant claims in his motion that he has successfully completed his probation and argues that the completion of probation is a change in circumstances warranting the reopening of his detention determination.

In response, the Government's points out that "[c]ontrary to Defendant's claim, he did not complete his state court probation. In fact, he has an outstanding warrant for violating the terms of his probation based on his offenses charged here." (Doc. 318 at 6.) The Government's response includes Exhibit A (Doc 318-1), which shows that Defendant did not complete his probation and that a warrant dated April 20, 2023, was issued by Judge Wingard for Defendant's arrest for a violation of a written condition of his probation.

Defendant has not shown any changed circumstances as required under § 3142(f). Defendant did not complete his state court probation as he claims. Rather, he violated his probation by committing the offenses charged here, including one that is virtually identical to the offense for which he was on probation. Further, Defendant's proffered character letters from his family and friends do not constitute changed circumstances. To reopen a detention hearing, § 3142(f) requires the presentation of information "that was not known to the movant at the time of the hearing." Defendant could have solicited these letters from his friends and family and presented them at his initial detention hearing. Because he did not do so, they cannot now form a basis for revisiting issue of detention under § 3142(f). *See United States v. Treselyan*, No. CR-20-00549-001-PHX-DWL, 2021 WL 3055040, at

*2 (D. Ariz. July 20, 2021) ("If the information was available at the initial detention hearing, the issue of detention should not be reopened.").

**IT IS ORDERED** that Defendant's Motion for Release from Custody Pending Trial (Doc. 314) is **DENIED**.

Dated this 29th day of August, 2023.

Douglas L. Rayes
United States District Judge